```
             IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF PENNSYLVANIA
```

ELI CRAWFORD IV,

Petitioner,

                                        Civil Action No. 06-397

       v.                Judge Alan N. Bloch
                             Magistrate Judge Amy Reynolds Hay

WARDEN KENNETH JONES, et al,

Respondents.


                      REPORT AND RECOMMENDATION

I.    RECOMMENDATION

It is recommended that the Petition for Writ of Habeas Corpus filed by Eli Crawford[1] be denied as untimely and that a certificate of appealability be denied.

II.   REPORT

    **A.**   **Relevant Procedural History**

On June 23, 1988, Petitioner, Eli Crawford, pleaded guilty in the Court of Common Pleas of Allegheny County to charges of burglary, theft by unlawful taking, receiving stolen property, aggravated assault, possessing instruments of crime, and criminal conspiracy.[2] On August 18, 1988, the Honorable Robert E. Dauer sentenced him to an aggregate term of 20 years' probation.

---

[1] In July 1996, Crawford filed a petition for writ of habeas corpus in which he challenged a judgment of sentence that he received on an unrelated case. That petition was docketed at 96-1300, assigned to Judge Bloch, and referred to Magistrate Judge Ila Jeanne Sensenich. On October 7, 1996, Judge Bloch, upon the recommendation of Magistrate Judge Sensenich, dismissed the petition.

[2] Crawford is currently incarcerated in Alabama on unrelated convictions.

Crawford did not file a motion to withdraw the guilty plea and appeal his judgment of sentence that resulted from his plea. As a result, his judgment of sentence became final 30 days later, on Monday, September 19, 1988. (See Ex.³ 23 at 4 (citing 42 Pa.Cons.Stat. § 9545(b)(3)); see also Nara v. Frank, 264 F.3d 310, 314 (3d Cir. 2001).

On April 22, 2004, Crawford filed a pro se petition for collateral relief pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 PA.CONS.STAT. § 9541 et seq., in which he argued that errors of constitutional magnitude occurred at his plea proceeding. (Ex. 13). The Honorable Donald E. Machen presided over the PCRA proceedings and appointed Scott Coffey, Esquire, to represent Crawford. Attorney Coffey subsequently filed a Petition for Leave to Withdraw as Counsel and a "no merit" letter, in which he acknowledged, inter alia, that Crawford's PCRA petition was untimely. (Ex. 15).

Judge Machen denied PCRA relief (Ex. 17) and Crawford appealed to the Superior Court of Pennsylvania. (Exs. 18 & 19). On June 27, 2005, the Superior Court affirmed the denial of post-conviction relief. (Ex. 23). The court determined that Crawford's PCRA petition was untimely filed under the PCRA's one-

---

³ All "Ex." citations are to the documents attached to the Respondents' Answer (Doc. 9).

year statute of limitations.[4]  (Id. at 4 (citing 42 PA.Cons.Stat. § 9545)).

Crawford filed a petition for allowance of appeal in the Supreme Court of Pennsylvania.  On March 7, 2006, the court denied the petition.  (Ex. 26).  He began proceedings in this Court, at the very earliest, eight days later – on March 15, 2006 – the date he signed the Petition for Writ of Habeas Corpus.

**B.    Time Period for Filing Federal Habeas Corpus Petitions**

    1.    One-Year Statute of Limitations Period

In their Answer, Respondents contend that Crawford's habeas petition must be dismissed because it is untimely under the statute of limitations set forth in The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2244.  (Doc. 9 at 9-12).  AEDPA requires, with a few exceptions not implicated here, that a state prisoner seeking federal habeas corpus relief file a petition in federal district court within one year after his state judgment becomes final. 28 U.S.C. § 2244(d)(1)(A).

Because Crawford's judgment became final before the April 24, 1996 effective date of AEDPA, he had one year from that date-

---

[4]  The Superior Court noted that Crawford filed his PCRA petition more than fifteen years after his judgment of sentence became final. The court further explained that the 1995 amendments to the PCRA (which enacted the one-year statute of limitations) provide that if, as is the case here, a judgment of sentence became final before the January 16, 1996 effective date of the amendments, a first PCRA petition will be considered timely filed if it is filed by January 16, 1997 (one year from the effective date).  Because Crawford's PCRA petition was filed after January 16, 1997, it was untimely under state law.

- until April 23, 1997 – to file a federal habeas corpus petition challenging his conviction. See Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998) (holding that the new one-year limitations period in AEDPA became effective, i.e., first began to run, on the effective date of the statute, April 24, 1996); Nara, 264 F.3d at 314 (holding that petitioners whose convictions became final before the effective date of AEDPA had up until, and including, April 23, 1997 to file a timely petition under § 2244(d)(1)).  Crawford, however, did not begin proceedings in this Court until, at the very earliest, March 15, 2006. Therefore, the instant petition is untimely unless he has established that he is entitled to statutory tolling as provided by 28 U.S.C. § 2244(d) or has established that equitable tolling should be applied on the facts presented.

    2.   Statutory Tolling

Section 2244(d)(2) provides that "properly filed" applications for PCRA relief that are pending during AEDPA's limitations period will statutorily toll that limitations period. 28 U.S.C. § 2244(d)(2).  Here, Crawford's PCRA petition did not toll AEDPA's limitations period because it was commenced after the expiration of the limitations period (after April 23, 1997). Moreover, because the Superior Court determined that the PCRA petition was untimely filed, the petition does not qualify as a "properly filed" petition for state post-conviction relief under 28 U.S.C. § 2244(d)(2), and for that additional reason did not toll the statute of limitations for a federal habeas corpus

petition.  Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005)[5] ("Because the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2).")

      3.   Equitable Tolling

The Court of Appeals has held:

> Equitable tolling is proper only when the principles of equity would make the rigid application of a limitation period unfair.  Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights.  The petitioner must show that he or she exercised reasonable diligence in investigating and bringing the claims.  Mere excusable neglect is not sufficient.

Miller v. New Jersey State Dept. of Corr., 145 F.3d 616, 618-19 (3d Cir. 1998) (internal citations, quotations, and punctuation omitted).  See also Lacava v. Kyler, 398 F.3d 271, 275-76 (3d Cir. 2005).

In the instant case, Crawford fails to direct this court to any extraordinary circumstances beyond his control that accounted for his failure to have filed his habeas petition in a timely manner.  See, e.g., Lacava, 398 F.3d at 276-79.  Accordingly, he has not shown that he is entitled to take advantage of the doctrine of equitable tolling in this action.

---

[5] Crawford argues that the Supreme Court's holding in Pace should not apply to him because that decision was issued after he had filed his 2004 PCRA petition. (See Doc. 24 at 1).  There is no merit to this argument.  Moreover, Pace merely affirmed what was already the law in the Third Circuit (and what was the law here at the time Crawford submitted his PCRA petition in 2004): that untimely PCRA petitions do not toll AEDPA's limitations period because such petitions cannot be considered as having been "properly filed" under 28 U.S.C. § 2244(d)(2).  Merritt v. Blaine, 326 F.3d 157, 165-66 (3d Cir. 2003); Fahy v. Horn, 240 F.3d 239, 243-44 (3d Cir. 2001).

4.   <u>Conclusion</u>

Based upon all of the foregoing, the record reveals that the instant petition for writ of habeas corpus was not timely filed in accordance with the directives in 28 U.S.C. § 2244(d).  As a result, the petition should be denied with prejudice.

**C.   Certificate of Appealability**

AEDPA provides that an appeal may not be taken from a final order in a habeas proceeding in which the detention arises out of process issued by a state court unless a certificate of appealability has been issued.  A certificate of appealability should be issued only when a petitioner has made a substantial showing of a denial of a constitutional right.  28 U.S.C. 2253(c)(2).

In <u>Slack v. McDaniel</u>, 529 U.S. 473, 474 (2000), the Supreme Court stated that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Applying this standard here, jurists of reason would not find it debatable whether the Petition for Writ of Habeas Corpus commenced by Crawford was filed within the one-year limitation period which is

provided for under AEDPA.  Accordingly, a certificate of appealability should be denied.

III. CONCLUSION

It is respectfully recommended that the Petition be dismissed and that a certificate of appealability be denied.  In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten (10) days from the date of service to file objections to this report and recommendation.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto.  Failure to file timely objections may constitute a waiver of any appellate rights.

                                              Respectfully submitted,

                                              /s/   Amy Reynolds Hay
                                              United States Magistrate Judge

Dated: 14 November, 2006

cc:   The Honorable Alan N. Bloch
      United States District Judge

      Eli Crawford, IV
      218790
      W.E. Donaldson Correctional Facility
      100 Warrior Lane
      Bessemer, AL 35023

      Amy L. Fitzpatrick, Esquire
      Ronald M. Wabby, Jr., Esquire
      Office of the District Attorney
      401 Allegheny County Courthouse
      Pittsburgh, PA 15219